# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4022

_____

| | | |
|---|---|---|
| Marilyn M. Marshall, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Mikel Warwick, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  April 20, 1998

Filed:  September 18, 1998

_____

Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.

_____

McMILLIAN, Circuit Judge.


Marilyn M. Marshall appeals from a final order entered in the United States District Court[1] for the District of South Dakota dismissing her tort action against Mikel Warwick for insufficient service of process. Marshall v. Warwick, No. CIV 97-3002 (D.S.D. Oct. 23, 1997) (Order) (hereinafter "slip op."). For reversal, Marshall argues that the district court erred in granting Warwick's motion to dismiss for insufficient

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

service of process under Fed. R. Civ. P. 12(b)(5) because (1) Warwick's actual notice of the impending lawsuit together with Marshall's substantial compliance with the service of process requirements of S.D. Codified Laws § 15-6-4 (Michie 1984 & Supp. 1998) qualified as substituted service of process; (2) Warwick admitted service of process by admitting receipt of the summons and complaint; and (3) Warwick's mother, who qualifies as a process server, served Warwick with process when she delivered to him a copy of the summons and complaint.

For the reasons discussed below, we hold that Marshall did not comply with the requirements for substituted service of process under South Dakota law. Accordingly, we affirm the order of the district court.

## Jurisdiction

This case was originally filed in South Dakota state court. Warwick removed the case to the district court pursuant to 28 U.S.C. § 1441 where jurisdiction was proper based upon diversity of citizenship under 28 U.S.C. § 1332.[2] Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure. Because Marshall initiated this action in South Dakota and attempted to serve Warwick with process under South Dakota's long arm statute, S.D. Codified Laws § 15-6-4(f) (Michie 1984), South Dakota law is the law of the forum and controls the issues on appeal. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938).

\

---

[2]Marshall is a citizen and resident of South Dakota; Warwick is a citizen and resident of Minnesota; and the amount in controversy exceeded $50,000. We note that the 1996 amendment to 28 U.S.C. § 1332, which requires that the amount in controversy exceed $75,000, was not in effect at the time this suit was filed.

## Background

The relevant facts are not disputed. On December 23, 1993, Marshall and Warwick were involved in a car accident in Gregory, South Dakota. Marshall sustained injuries and incurred several thousand dollars in medical expenses. She filed a complaint against Warwick in South Dakota state court and hired a Minnesota process server, Dennis Peart, to serve Warwick with a copy of the complaint and summons. On December 13, 1996, Peart went to Warwick's Minnesota residence, where he lived with his mother, to serve him with the papers. Warwick was not at home, nor was he at his place of employment. Peart then contacted Warwick's mother, Caren Warwick, at her place of employment. Caren Warwick agreed to take the papers and deliver them to her son at their dwelling. Peart then delivered the papers to Caren Warwick at her place of employment.

In January 1997 Warwick removed the case to the United States District Court for the District of South Dakota. He then filed a motion to dismiss for insufficient service of process. While Warwick admitted that he received the complaint and summons from his mother, he contended that he was never "served" with the papers. Slip op. at 2. Caren Warwick, in an affidavit, testified that she agreed to deliver the papers to her son, but did not agree to make service. Id. at 1. The district court reasoned that (1) because service of a complaint and summons at Warwick's place of employment was not valid service under S.D. Codified Laws § 15-6-4(e) (Michie 1984), service upon his mother at her place of employment was also not valid; (2) receipt of a complaint and summons is not the same as service of process required to commence an action; and (3) there was no proof of service of process as required by S.D. Codified Laws § 15-6-4(g) (Michie Supp. 1998). Slip op. at 2. The district court concluded that Marshall's process server failed to comply with the requirements for service of process or substituted service of process under South Dakota law. Id. at 3. The district court granted Warwick's motion to dismiss without costs and without prejudice. This appeal followed.

-3-

## Discussion

A district court has the power to dismiss a case for failure to comply with its rules.  See Moore v. St. Louis Music Supply Co., 539 F.2d 1191, 1193 (8th Cir. 1976) (dismissal for failure to prosecute).  In reviewing an order to dismiss for insufficient service of process, we review de novo the determination that service of process was insufficient and we review for abuse of discretion the decision to dismiss the complaint.  See Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 884-86 (8th Cir. 1996) (dismissal for insufficient service of process); Umbenhauer v. Woog, 969 F.2d 25, 28 (3d Cir. 1992) (defective service by international mail); Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam) (dismissal for failure to serve summons and complaint within 120 days after filing of complaint).

South Dakota law allows for service of process on a defendant either by serving the defendant personally with a copy of the summons, see S.D. Codified Laws § 15-6-4(d)(10) (Michie Supp. 1998), or, if the defendant cannot be found, by leaving a copy of the summons at the defendant's dwelling in the presence of a family member over the age of fourteen, see id. § 15-6-4(e) (Michie 1984).  Marshall argues that delivery of the summons to Warwick's mother at her place of employment qualified as valid substituted service of process under § 15-6-4(e) (Michie 1984).  We disagree.

Leaving a summons with a family member at a place other than the defendant's dwelling is not valid substituted service of process.  See Chipperfield v. Woessner, 84 S.D. 13, 166 N.W.2d 727 (1969) (holding that service of process upon the defendant's mother at her dwelling was not sufficient process because the dwelling was not the defendant's); Hays v. Alway, 39 S.D. 586, 166 N.W. 139, 141 (1917) (same).  Moreover, leaving a copy of the summons at the defendant's place of employment, when the service of process statute requires that the server leave it at the defendant's dwelling, is not valid service of process.  See Wagner v. Truesdell, 1998 S.D.9, 574 N.W.2d 627, 629 (1998) (Wagner) (adopting the holding in Thiele v. Stich, 425

-4-

N.W.2d 580 (Minn. 1988) (<u>Thiele</u>)); <u>see generally</u> 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1096, at 74 (2d ed. 1987).  Because service of process was not made at Warwick's dwelling, delivery of the summons and complaint to Warwick's mother at her place of employment was not valid substituted service of process.

Marshall argues that Warwick's actual notice of the impending action, combined with her own substantial compliance with the requirements of substituted service, is sufficient personal service of process as a matter of law.  She relies on language in <u>Wagner</u> adopted as the law of South Dakota:  "[A]ctual notice coupled with substantial compliance is sufficient to satisfy personal service of process requirements . . . ."  1998 S.D. 9, at *9, 574 N.W.2d at 629.  Prior to <u>Wagner</u>, South Dakota required strict compliance with the service of process statute.  <u>See, e.g.</u>, <u>Nolan v. Nolan</u>, 490 N.W.2d 517, 519-21 (S.D. 1992).  <u>Wagner</u> involved personal service of process, and the South Dakota Supreme Court indicated in <u>Wagner</u> that its holding was "a narrow one."  1998 S.D. 9, at *9 n.2, 574 N.W.2d at 629 n.2.  Therefore, while it is clear from <u>Wagner</u> that the South Dakota Supreme Court has adopted the substantial compliance standard for <u>personal</u> service of process, it is not clear that the South Dakota Supreme Court would extend the substantial compliance standard to <u>substituted</u> service of process.  While some states have extended the substantial compliance standard to all service of process statutes, <u>see, e.g.</u>, Kan. Stat. Ann. § 60-204,  many courts have limited the application of that standard.  <u>See</u> <u>County of Riverside v. Superior Court</u>, 54 Cal. App. 4th 443, 450-51, 62 Cal. Rptr. 2d 747, 751-52 (1997) (suggesting that notice by publication might require strict compliance rather than substantial compliance); <u>Bedford Computer Corp. v. Graphic Press, Inc.</u>, 484 So. 2d 1225, 1227 (Fla. 1986) (per curiam) (requiring "strict . . . compliance" to satisfy substituted service of process) (quoting <u>Napoleon B. Broward Drainage Dist. v. Certain Lands Upon Which Taxes Were Due</u>, 160 Fla. 120, 123-33 So. 2d 716, 718 (1948)); <u>Bible v. Bible</u>, 259 Ga. 418, 419, 383 S.E.2d 108, 110 (1989) (rejecting the substantial compliance standard for all service of process); <u>Martin v. Triol</u>, 121 Wash. 2d 135, 144, 847 P.2d 471, 475 (1993) (en banc) (holding

substantial compliance may satisfy the requirements for <u>personal</u> service of process but only strict compliance satisfies the requirements for <u>substituted</u> service of process); <u>Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp.</u>, 127 Wash. 2d 614, 624, 902 P.2d 1247, 1252 (1995) (en banc) (Talmadge, J., dissenting) ("The doctrine of strict compliance applies with even greater vigor in circumstances involving constructive or substituted service rules or statutes.") (citation omitted). Therefore, we do not assume that the South Dakota Supreme Court intended to extend the substantial compliance standard to substituted service of process.

Moreover, there are several compelling reasons to limit the application of the substantial compliance standard to personal service of process. In cases of personal service of process, a court can be reasonably certain that the defendant had notice of the impending suit because the defendant was present for the service. Substituted service of process, in contrast, carries the risk that the defendant never received notice. Allowing only substantial compliance with the requirements for substituted service of process further increases the risk of involving an unsuspecting defendant in a lawsuit about which the defendant did not have notice. Arguably, only strict compliance with the requirements of substituted service of process will sufficiently reduce this risk.

Even if we were to assume that the South Dakota Supreme Court intended to extend the substantial compliance standard to all service of process, Marshall's service of process on Warwick's mother at her place of employment still did not substantially comply with the substituted service of process statute. Under South Dakota law, substantial compliance with a statute means

> actual compliance in respect to the substance essential to every reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is

shown to have been served. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

Wagner, 1998 S.D. 9, at *7, 574 N.W.2d at 629 (quoting State v. Bunnell, 324 N.W.2d 418, 420 (S.D. 1982)). In Wagner, the court determined that the process server substantially complied with South Dakota's personal service statute when he delivered a summons and complaint to the defendant's caretaker at the defendant's dwelling. Id. at *11, 574 N.W.2d at 630. The defendant in Wagner was in the dwelling at the time but not capable of receiving process because he suffered from Alzheimer's Disease and was mentally incompetent. Id. Although personal service generally requires delivery to the defendant personally, see S.D. Codified Laws § 15-6-4(d)(10) (Michie Supp. 1998), the defendant in Wagner would not have comprehended what was happening had the process server handed him the papers. Wagner, 1998 S.D. 9, at *11, 574 N.W.2d at 630. The state supreme court held that requiring the server to deliver the papers to the defendant, only to have the papers immediately taken away from the defendant by the caretaker, would be an "absurdity." Id. at *10-11, 574 N.W.2d at 629-30. The court held, therefore, that service to the caretaker substantially complied with the personal service of process statute, § 15-6-4(d)(10) (Michie Supp. 1998). Id.

Delivery of a copy of the summons and complaint to Warwick's mother at her place of employment, in contrast, does not substantially comply with the substituted service of process statute. Cf. Lindenman v. Umscheid, 255 Kan. 610, 632-33, 875 P.2d 964, 979 (1994), citing Haley v. Hershberger, 207 Kan. 459, 463-64, 485 P.2d 1321, 1325-26 (1971) (holding that leaving a copy of the summons with the defendant's secretary at the defendant's office was not substantial compliance with the substituted service of process statute); Thiele, 425 N.W.2d at 584 (same) (Minnesota law). The present case, in which the process server left the summons with Warwick's mother at her place of employment, is too far removed from the required standards for

substituted service of process. We conclude, therefore, that Marshall did not substantially comply with § 15-6-4(e) (Michie 1984).

Marshall next argues that Warwick has admitted service of process because he admitted actual receipt of the summons and complaint from his mother. Under this interpretation, service of process means nothing more than delivery of a copy of the summons and complaint. Service of process, however, is more than a mere delivery of documents. Cf. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 700 (1988) (explaining in the international context that "the term 'service of process' has a well-established technical meaning[:] . . . a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action") (emphasis added). The express requirements for service of process address who can serve process, where it can be served, who can accept it, and whether proof of service is required. S.D. Codified Laws § 15-6-4(b)-(g) (Michie 1984 & Supp. 1998). Contrary to Marshall's argument, service of process means more than the actual delivery of a copy of the summons or complaint.

Marshall relies on Mueller v. Zelmer, 525 N.W.2d 49 (S.D. 1994) (Mueller), and Johnson v. Kusel, 298 N.W.2d 91 (S.D. 1980) (Johnson), in contending that an admission of receipt of a summons or complaint is an admission of service of process. We agree with the district court that these cases are distinguishable. In Mueller, the South Dakota Supreme Court found it dispositive that the defendant, while not compelled to admit service of process, did in fact admit to service by signing an "Admission of Service." 525 N.W.2d at 51. Warwick, however, did not sign any admission of service. Similarly, in Johnson, the defendant admitted under oath that he was served with process. 298 N.W.2d at 93. Warwick, however, admits only that he received the complaint and summons and specifically asserts that he was never served with process. See slip op. at 1. We agree with the district court that receipt of documents is not the same as service of process, and thus, an admission of receipt of documents is not an admission that process was served. Id. at 2.

-8-

Marshall finally argues that Warwick's mother personally served Warwick with a copy of the complaint and summons, thereby satisfying the requirements for personal service. Essentially, she argues that Warwick's mother became a process server. S.D. Codified Laws § 15-6-4(c) (Michie Supp. 1998) provides that a summons may be served by "any . . . person not a party to the action who at the time of making such service is an elector of the state in which such service is to be made." Warwick's mother was not a party to the action and was an elector of Minnesota when she delivered the summons and complaint to her son. S.D. Codified Laws § 15-6-4(c) (Michie Supp. 1998) also requires "proof of the service." By definition, a proof of service must state the time, place and manner of the service by affidavit or written admission. S.D. Codified Laws § 15-6-4(g) (Michie Supp. 1998). Caren Warwick submitted neither an affidavit nor written admission stating the time, place, or manner in which she delivered the summons and complaint to her son. We hold, therefore, that Warwick's mother did not personally serve Warwick within the meaning of South Dakota law.

"[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case." Haley v. Simmons, 529 F.2d 78, 78 (8th Cir. 1976) (per curiam) (citations omitted) (defective service on five members of board of regents by delivery of summons to another board member as their agent, but that board member was not authorized to accept service for the others); see Adams v. AlliedSignal General Aviation Avionics, 74 F.3d at 886 (absent proof that parent and subsidiary corporations are not independently operated, service on officer of subsidiary does not effect service on parent corporation); Umbenhauer v. Woog, 969 F.2d at 30 (defective service by international mail on two Swiss defendants); C & L Farms, Inc. v. Federal Crop Insurance Corp., 771 F.2d 407, 408-09 (8th Cir. 1985) (per curiam) (defective service on United States by mail wrongly addressed). We hold the district court did not abuse its discretion in dismissing the action. This action was time-barred by the three-year statute of limitations applicable to actions for personal injury. S.D. Codified Laws

§ 15-2-14(3) (Michie 1984). The district court correctly determined "the sufficiency of service in this [removed] case . . . according to state law because service of process occurred before removal." Lee v. City of Beaumont, 12 F.3d 933, 937 (9th Cir. 1993); see generally 14A Charles Alan Wright et al., Federal Practice and Procedure § 3738, at 561 (2d ed. 1985). The accident occurred on December 23, 1993. The summons was issued on December 11, 1996, and the summons and complaint were filed in state court on December 13, 1996. In South Dakota, service of the summons, or the summons and the complaint, is required to commence a lawsuit and toll the running of the applicable statute of limitations. S.D. Codified Laws § 15-2-30 (Michie 1984); e.g., Fischer v. Iowa Mold Tooling Co., 690 F.2d 155, 156 (8th Cir. 1982) (applying South Dakota law and comparing Fed. R. Civ. P. 3 which provides that a civil action is commenced by filing a complaint with the court); Dakota Cheese, Inc. v. Taylor, 525 N.W.2d 713, 716 (S.D. 1995). As discussed above, because the attempted service of process on December 13, 1996, was defective under South Dakota law, Warwick was not served with the summons within the three-year statutory period.

Thus, had this action remained in state court, it would have been time-barred as of December 23, 1996. However, as noted above, this action was removed to federal district court in January 1997. Title 28 U.S.C. § 1448 provides in part:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process may be completed or new process issued in the same manner as in cases originally filed in such district court.

We do not believe that this section can "resurrect" a removed diversity case which would have been dismissed as time-barred had it remained in state court. The Third Circuit rejected such an argument in Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160, 167-69 (3d Cir. 1976) (applying Pennsylvania law). The facts in that case

-10-

were almost exactly like those in the present case. The plaintiff had not only failed to properly serve the defendant, but he had failed to do so within the applicable statutory period of limitations. The case was initially filed in state court but was then removed to federal district court on the basis of diversity jurisdiction. The defendant filed a motion to dismiss raising, among other things, insufficiency of service of process and the statute of limitations. The district court denied the defendant's motion and granted the plaintiff's motion to perfect or amend service of process, relying in part on 28 U.S.C. § 1448, and certified the order for interlocutory appeal. On appeal, the Third Circuit vacated and remanded the case with directions to dismiss. The court applied state law, 530 F.2d at 163-67, and reasoned that, because under state law service of process was ineffective, the action would have been dismissed as time-barred had it remained in state court, and that 28 U.S.C. § 1448 could not be used to "breathe jurisprudential life in federal court into a case legally dead in state court." 530 F.2d at 168. The court concluded that to do so would abrogate state law in violation of "the policies underlying the Erie rule." Id. at 163 (citing Hanna v. Plumer, 380 U.S. 460, 467 (1965)), 167.

**Conclusion**

Accordingly, we affirm the order of the district court.

A true copy.

Attest:

U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-