**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 23, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-60280
Summary Calendar
_____

DEDRIC BROWN,

Plaintiff-Appellant,

versus

MISSISSIPPI COOPERATIVE
EXTENSION SERVICE, ET AL.,
Defendants,

MISSISSIPPI COOPERATIVE
EXTENSION SERVICE, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(USDC No. 3:01-CV-972BN)
_____

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Dedric Brown ("Brown") appeals the decision of the district court which

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted Defendant-Appellees Mississippi Cooperative Extension Service, Et Al.[1]'s ("MCES") motion to dismiss as untimely his employment discrimination complaint. Brown also appeals the district court's denial of his FRCP 59(e) Motion for Reconsideration ("Reconsideration Motion").

## DISCUSSION

Brown filed his lawsuit alleging a claim of employment discrimination under Title VII, 42 U.S.C. § 2000e, *et seq* on December 14, 2001. In a June 5, 2002 Order, the district court granted MCES' motion to dismiss for untimely service as to the defendants who had not been served, while quashing the service of process on the remaining defendants,[2] all of whom had been ineffectively served because the summons and copies of the complaint had been mailed to Mississippi Attorney General Mike Moore rather than hand-delivered as required by Mississippi Rule of Civil Procedure ("MRCP") 4(c)(3)(A).[3] The district court also extended the time during which Brown could effectuate proper service on these defendants until July 8, 2002. On October 29, 2002, the district court granted MCES' renewed dismissal motion because Brown had not effectuated proper service of process by the July 8, 2002 deadline. On February 10, 2003, the district court denied Brown's reconsideration motion. Brown appeals both of these orders.

MCES asserts that this court lacks jurisdiction to hear Brown's appeal because his March 13,

---

[1] Mississippi State University Extension Service ("MSUES"); Mississippi State University ("MSU"); the Board of Trustees of the State Institutions of Higher Learning; Dr. Thomas Layzell, in his individual and official capacities; and in their official capacities: Malcolm Portera; Ronald A. Brown; Jackie Courson; Larry C. Mann; Joseph McGilberry; James McPhail; Dr. Charles Lee; Clifton Hampton; Dwayne Wheeler; and Ronnie White.

[2] Supra, note 1.

[3] MRCP 4 (c)(3)(A) provides that service upon a defendant of any class referred to in paragraphs (1) or (4) of subdivision (d) may be accomplished by mail. Paragraphs (1) and (4) of subdivision (d) deal with individuals other than unmarried infants or mentally incompetent persons and domestic or foreign corporations, partnerships and other unincorporated associations. Paragraph (5) of subdivision (d), by contrast states that "Service by sheriff or process server shall be made as follows: Upon the State of Mississippi or any one of its departments, officers or institutions, by delivering a copy of the summons and compliant to the Attorney General of the State of Mississippi."

2003, Notice of Appeal failed to mention the October 22, 2002 Order, violating Federal Rule of Appellate Procedure ("FRAP"), 3(c)(1)(B). While MCES is correct that Brown only mentioned the February 10, 2003 denial of his reconsideration motion, we exercise our broad discretion to hear Brown's appeal on the merits as to both orders because we find that he intended to appeal both. See C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir.), cert. denied, 454 U.S. 1125 (1981).

The October 29, 2002 Order

We review a district court's grant of dismissal for improper service of process pursuant to FRCP 4(m), as well as its finding of a lack of good faith for failing to make timely service, for abuse of discretion. See Marshall v. Warwick, 155 F.3d 1027, 1030 (5th Cir. 1998) and McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993).

In its June 5, 2002 Order the district court, citing George v. United States Dept. of Labor, Occupational Safety & Health Admin., 788 F.2d 1115, 1116 (5th Cir. 1986), exercised its discretion to quash Brown's original service of process on MCES and gave him until July 8, 2002, to effectuate proper service of process. When Brown failed to make proper service of process by the July 8, 2002 deadline, the district court granted MCES' Renewed Motion to Dismiss.

We find that the district court did not abuse its discretion in finding that his proffered excuse for missing the July 8, 2002 deadline. The medical problems of his attorney Becky Allen Farrell ("Farrell"), and her resignation on July 22, 2002, did not constitute good cause. The record clearly shows that Brown failed to meet the July 8, 2002 deadline. Furthermore, Farrell's resignation occurred two weeks after the deadline, and the firm had approximately one month from June 5, 2002, to make proper and timely service. Additionally, her resignation from the firm did not require Brown

3

to search for a new attorney because another attorney at the firm, Carol Henderson, was named on Brown's original complaint and had been involved with his case.

We also find no abuse of discretion in the district court's decision not to grant Brown a discretionary extension. We agree with the district court's reasoning that such was not warranted because Brown failed to serve timely the defendants even though they all are citizens of Mississippi and could have been served by simply making hand-delivery to the Attorney General as the June 5, 2002 Order clearly instructed.

The February 10, 2003 Order

We review a district court's denial of an FRCP 59(e) motion to reconsider its denial of an extension to make proper service of process for abuse of discretion. Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 566 (5th Cir. 2003).

A FRCP 59(e) motion to reconsider should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. See e.g., Schiller, 342 F.3d at 567; Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990); Russ v. International Paper Co., 943 F.2d 589, 593 (5th Cir. 1991), cert. denied, 503 U.S. 987 (1992).

The district court, in denying Brown's reconsideration motion, did not abuse its discretion because there has been no intervening change of law, Brown has not produced any evidence that was not previously available to him but simply restates his "good cause" argument. He has not shown that the district court made a clear error of law that would result in a manifest injustice because the record shows that he failed to meet the July 8, 2002 deadline.

CONCLUSION

4

Because we find that the district court did not abuse its discretion in granting MCES' motion to dismiss in its October 29, 2002 Order, nor in its denial of Brown's reconsideration motion in its February 10, 2003 Order, we affirm the district court's dismissal of Brown's claim.

AFFIRMED.