# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3189

_____

Kenneth Modica,                          *
                                         *
            Appellant,                   *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   Western District of Arkansas.
Paper, Allied-Industrial, Chemical and   *
Energy Workers Intl. Union; John         *   [UNPUBLISHED]
Does, Agents, employees, and/or          *
officers of the Union,                   *
                                         *
            Appellees.                   *

_____

Submitted: December 3, 2008
    Filed: January 9, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this action brought pursuant to the Labor Management Relations Act of 1947 (LMRA), Kenneth Modica appeals the district court's judgment of dismissal for insufficient service of process and the court's denial of his motion for reconsideration. For the reasons stated, we vacate the judgment and remand the case for further proceedings.

Modica brought this action against Paper, Allied Industrial, Chemical & Energy Workers International Union AFL-CIO (PACE), claiming PACE violated its fiduciary duty and duty of fair representation under the LMRA by intentionally failing to provide him meaningful representation in the arbitration of a grievance he had filed against his former employer. As PACE's successor-in-interest, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (USW) answered the complaint. Thereafter, on USW's motion, the district court dismissed the complaint, based solely on improper service of process. In so doing, the court sua sponte observed that Ark. Code Ann. § 4-28-513[1] "could be applicable in this case." The court then held (without citing any authority) that section 4-28-513 "provides for service on a nonprofit association by personally serving an officer or agent of the association" but "does not authorize service by certified mail as attempted by the Plaintiff in this case."

After the district court entered judgment dismissing the complaint, Modica timely filed a motion for reconsideration, arguing, inter alia, that section 4-28-513 did not mandate "personal service" but merely required "service" (including service by mail) on an officer, agent, or other authorized person. The district court denied his motion, reasoning that he had not shown a manifest error of law or fact justifying an alteration or amendment of the court's prior ruling.

We review de novo the district court's sua sponte ruling in its dismissal order on the applicability of section 4-28-513, even though Modica had not previously

---

[1]Ark. Code Ann. § 4-28-513 states:

In an action or proceeding against a nonprofit association a summons and complaint must be served on an agent authorized by appointment to receive service of process, an officer, managing or general agent, or a person authorized to participate in the management of its affairs. If none of them can be served, service may be made on a member.

asserted an argument based on that provision. See Browder v. City of Moab, 427 F.3d 717, 719 n.2 (10th Cir. 2005) (although defendants had not raised argument in district court, raising it for first time on appeal was not improper where district court's sua sponte ruling negated defendants' responsibility to raise issue first); Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir. 1998) ("In reviewing an order to dismiss for insufficient service of process, we review de novo the determination that service of process was insufficient and we review for abuse of discretion the decision to dismiss the complaint."); Vrban v. Deere & Co., 129 F.3d 1008, 1009 (8th Cir. 1997) (reviewing de novo district court's application of state statute).

We have found no decision from the Arkansas courts indicating that personal service is required under section 4-28-513, or that service by certified mail is not authorized under section 4-28-513. The statute itself does not refer to personal service or service by certified mail, but refers simply to a summons and complaint being "served on" an appropriate individual, and we conclude that the Arkansas Supreme Court would likely decide that service by certified mail can satisfy section 4-28-513. See Vrban, 129 F.3d at 1009 ("Since the Iowa courts have not addressed this specific issue, we must determine what the Iowa Supreme Court would decide."). Accordingly, because the district court dismissed the complaint based upon its determinations that section 4-28-513 requires personal service and does not authorize service by certified mail--without providing any authority or reasons for those determinations--we further conclude that the court abused its discretion in dismissing the complaint. See Marshall, 155 F.3d at 1030 (decision to dismiss complaint for insufficient service of process reviewed for abuse of discretion). Under these circumstances, we vacate the judgment, and we remand the case to the district court for further proceedings.

_____