# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3068

_____

| | | |
|---|---|---|
| Nicie Dillehay, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Department of Housing and Urban | * | Eastern District of Arkansas. |
| Development; Schulte Construction; | * | |
| Regions Bank; Veterans | * | [UNPUBLISHED] |
| Administration; Allen Trammel Real | * | |
| Estate; Sallie Mae; Pioneer | * | |
| Collections; Student Loan Guarantee | * | |
| Foundation of Arkansas; MOHELA; | * | |
| Department of the Treasury; Greentree, | * | |
| | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 15, 2009
Filed: June 23, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Nicie Dillehay appeals the district court's[1] denial of her requests for an injunction and dismissal of her civil action. Upon careful review, we conclude that the district court did not abuse its discretion in dismissing, for insufficient service of process, the claims against the Department of Housing and Urban Development, the Veterans Administration, Sallie Mae, the Student Loan Guarantee Foundation, and the Department of the Treasury. See Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir. 1998) (review standard); see also Fed. R. Civ. P. 4(i)(1)(B) (to serve United States, party must send copy of summons and complaint to Attorney General of United States at Washington, D.C.), (m) (if defendant is not served within 120 days after complaint is filed, court--on motion or on its own after notice to plaintiff--must dismiss action without prejudice against that defendant or order that service be made within specified time); Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (district court lacks jurisdiction where defendant is improperly served, whether or not defendant had actual knowledge of lawsuit).

Further, taking all facts alleged in the complaint as true, we conclude that the district court properly dismissed the claims against the remaining defendants. See Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.) (review standard), cert. denied, 129 S. Ct. 222 (2008); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (plaintiff's obligation to provide grounds of entitlement to relief requires more than labels and conclusions; factual allegations must be enough to raise right to relief above speculative level); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints are to be construed liberally but must allege sufficient facts to support claims advanced; noting that in reviewing pro se complaints, court will not supply additional facts or construct legal theory).

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the findings and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, now retired.

Finally, we conclude that the district court did not abuse its discretion in denying Dillehay's requests for an injunction.  See Lankford v. Sherman, 451 F.3d 496, 503-04 (8th Cir. 2006) (factors district court must consider in ruling on motion for preliminary injunction include probability of success on merits; this court reverses only for abuse of discretion, which occurs where district court rests its conclusion on clearly erroneous factual findings or erroneous legal conclusions).

Accordingly, we affirm, but we modify the dismissal of the claims against the Department of Housing and Urban Development, the Veterans Administration, Sallie Mae, the Student Loan Guarantee Foundation, and the Department of the Treasury to be without prejudice, see Fed. R. Civ. P. 4(m).  We also deny her request on appeal for an injunction.

_____