FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CLIFTON WHIDBEE, individually,
*Plaintiff-Appellant*,

v.

PIERCE COUNTY, a Washington
State Municipal Corporation;
EUGENE ALLEN, in his individual
capacity,
*Defendants-Appellees.*

No. 14-36094

D.C. No.
2:14-cv-00683-RBL

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted March 7, 2017
Seattle, Washington

Filed May 26, 2017

Before: Susan P. Graber, Sandra S. Ikuta,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Ikuta

# SUMMARY[*]

## Civil Rights

The panel affirmed the district court's dismissal on statute of limitations grounds of a suit brought under 42 U.S.C. § 1983 and state law.

The panel held that although 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) give plaintiffs additional time to effect service of process, these rules do not extend or revive a state statute of limitations that expired before removal. The panel held that the period of time during which plaintiff could commence his claims expired under a state statute of limitations before defendants removed the action to federal court, and the federal rules allowing additional time to effect service of process on defendants following removal did not extend or revive a state statute of limitations. Accordingly, the district court properly dismissed plaintiff's claims on the ground that they were time barred before his case was removed.

## COUNSEL

Loren A. Cochran (argued) and Darrell L. Cochran, Pfau Cochran Vertetis Amala PLLC, Tacoma, Washington, for Plaintiff-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Alicia M. Burton (argued), Deputy Prosecuting Attorney; Mark Lindquist, Prosecuting Attorney; Prosecuting Attorney's Office, Tacoma, Washington; for Defendants-Appellees.

## OPINION

IKUTA, Circuit Judge:

Clifton Whidbee challenges the district court's dismissal of his federal civil rights and state negligence claims against defendants Pierce County and Pierce County Sheriff's Deputy Eugene Allen. We affirm. The period of time during which Whidbee could commence these claims expired under a state statute of limitations before defendants removed the action to federal court, and the federal rules allowing additional time to effect service of process on defendants following removal do not extend or revive a state statute of limitations.

I

Under Washington law, an action for "injury to the person or rights of another" (with some exceptions not relevant here) "shall be commenced within three years." Wash. Rev. Code § 4.16.080(2). "For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed. . . ." *Id.* § 4.16.170.[1] A plaintiff then has

---

[1] Section 4.16.170 of the Revised Code of Washington is titled "Tolling of statute—Actions, when deemed commenced or not commenced" and states in full:

90 days within which to serve process on at least one defendant. *Id.* If, "following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." *Id.* Reading these statutes together, a personal injury action "shall be deemed commenced" for purposes of tolling the statute of limitations if the plaintiff files the complaint within three years from the date of injury and if the plaintiff serves at least one of the defendants no later than 90 days after filing the complaint. If the plaintiff fails to do so, the action may be time barred. *Id.*; *see also Gross v. Sunding*, 139 Wash. App. 54, 60 (2007).

A plaintiff suing a county must serve the county auditor, Wash. Rev. Code § 4.28.080(1), and a plaintiff suing an individual generally must serve "the defendant personally" or "leav[e] a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein," *id.* § 4.28.080(16). Washington courts

---

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

require strict compliance with the state's service of process requirements. *See Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wash. 2d 107, 177 (1987) (as amended) ("[M]ere receipt of process and actual notice alone do not establish valid service of process."); *Gross*, 139 Wash. App. at 60 (holding that action was time barred despite defendant's knowledge of plaintiff's attempts to serve process). In the case of a county defendant, "[s]ervice on anyone other than the Auditor is insufficient." *Nitardy v. Snohomish County*, 105 Wash. 2d 133, 135 (1986).

If the plaintiff fails to serve process no later than 90 days after the complaint is filed, and the time for commencing an action expires under Washington's statute of limitations laws, the defendant may raise the affirmative defenses that service of process was insufficient and that the suit is time barred. *See, e.g.*, *Jones v. Stebbins*, 122 Wash. 2d 471, 480 (1993); *Boyle v. Clark*, 47 Wash. 2d 418, 423–24 (1955). But those defenses may be waived if a defendant fails to raise them. *See Jones*, 122 Wash. 2d at 480; *Boyle*, 47 Wash. 2d at 423–24.

## II

We now turn to the facts of this case. On November 19, 2010, the Pierce County Sheriff's Department executed a search warrant on Whidbee's home. In connection with executing the warrant, Deputy Allen threw a flash-bang grenade into the house, which burned Whidbee's right arm and lower abdomen. Whidbee was arrested and detained at the Pierce County Jail until November 24, 2010.

On October 10, 2013, Whidbee filed a complaint in Washington state court against Pierce County and Allen,

alleging claims under 42 U.S.C. § 1983 and state law. "The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions." *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003). Therefore, Washington's three-year personal injury statute of limitations applied to all of Whidbee's claims. Under Washington law, the time within which to bring an action is tolled while a person is in custody. *See* Wash. Rev. Code § 4.16.190. Therefore, the parties agree that Whidbee had until November 24, 2013 to commence his § 1983 and state-law personal injury claims and that his complaint was timely. *See id.* §§ 4.16.080, 4.16.170.

After timely filing his complaint, Whidbee had 90 days, until January 8, 2014, to serve Pierce County or Allen with process. *See id.* § 4.16.170. Whidbee failed to do so. Whidbee's process server, ABC Legal Services, Inc., served the Pierce County Risk Management Office with a copy of Whidbee's state court summons and complaint, but failed to serve the summons on the Pierce County Auditor, as required by state law. *See id.* § 4.28.080(1). ABC Legal Services also failed to serve Allen. *See id.* § 4.28.080(16). Indeed, ABC Legal Services did not serve Allen until April 2014 and did not serve the Pierce County Auditor until August 2014. As a result, the time for commencing an action against the County and Allen expired on January 8, 2014. *See id*. §§ 4.16.170, 4.16.080.

In May 2014, Allen and Pierce County removed the case to federal court and moved to dismiss, arguing, among other things, that Whidbee failed to commence the action within the statute of limitations period prior to removal. The district court granted the motion.

On appeal, Whidbee raises two arguments. First, he argues that once his case was removed to federal court, he had an additional 120 days to serve process on the defendants under 28 U.S.C. § 1448 and Rule 4(m) of the Federal Rules of Civil Procedure. Because he served process on Allen and Pierce County within the additional 120 days, Whidbee contends, his action commenced before the time for bringing his action had expired. Second, Whidbee argues that, because he substantially complied with the federal requirements for service of process when he served the Pierce County Risk Management Office with a copy of his state court summons, he should be deemed to have served Pierce County within 90 days after filing his complaint.

III

Our analysis of Whidbee's arguments requires consideration of how federal courts address service of process and statute of limitations defenses in state cases that have been removed to federal court. We review de novo whether a case should be dismissed on statute of limitations grounds. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law. *See Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). However, in "*all* cases removed from any State court to any district court of the United States," a plaintiff may serve process upon removal if service of process was defective or was not attempted before

removal.  28 U.S.C. § 1448 (emphasis added).**[2]**  By allowing plaintiffs to serve process on defendants after removal, this statute ensures that all defendants are apprised "of the pendency of the action" in federal court and are afforded "an opportunity to present their objections," so as to meet the requirements of due process. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Federal Rules of Civil Procedure govern service of process in federal court, *see* Fed. R. Civ. P. 4, and apply to a civil action after removal, *see* Fed. R. Civ. P. 81(c)(1).  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)).  Thus, unlike Washington law, federal law does not require strict compliance with service requirements.

At the time Whidbee's case was removed to federal court, Rule 4(m) provided:

---

**[2]** 28 U.S.C. § 1448 states in full:

> n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (2014).[3]   Therefore, once a case is removed to federal court, a plaintiff has a specified number of days to effect service of process on all defendants, regardless whether the plaintiff failed to serve process in state court before the deadline for commencing an action had passed.

Although § 1448 and Rule 4(m) give plaintiffs additional time to effect service of process, these rules do not extend or revive a state statute of limitations that expired before removal.  If the period of time for bringing an action expired under state law before the action was removed to federal court, a defendant can raise the state statute of limitations as an affirmative defense in federal court.  *See* Fed. R. Civ. P. 8(c), 81(c).  Moreover, "[t]he length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (quoting *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)).  Because it must give effect to the state's statute of limitations, a federal court has no authority to extend the

---

[3] Effective December 1, 2015, Rule 4(m) was amended to require service of process within 90 days, rather than 120 days, of the filing of the complaint.

state-defined period in which a plaintiff can bring an action, even though the court must extend the time in which a plaintiff can serve process on defendants under § 1448.

The Third and Eighth Circuits have likewise concluded that a federal court does not have the authority to give a plaintiff additional time to bring an action that expired under state law prior to removal. *See Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 166–68 (3d Cir. 1976); *Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998). While we agree with the conclusion in these cases, we do not agree with their reasoning. In *Witherow*, the plaintiff failed to serve the defendant properly under Pennsylvania law within the statute of limitations period before the defendant removed the action to federal court. 530 F.2d at 168. The Third Circuit affirmed the dismissal of the action, holding that the plaintiff was not entitled to serve process on the defendant after removal. In reaching this conclusion, the Third Circuit referenced, but did not interpret, the language of § 1448, and instead reasoned that "[t]o apply [§ 1448] to the circumstances of this case would constitute that statute a pro tanto abrogation of Pennsylvania's statute of limitations." *Id.* at 167. Similarly, in *Marshall*, the plaintiff failed to serve the defendant under South Dakota law within the statute of limitations period before removal to federal court. 155 F.3d at 1033. The Eighth Circuit followed *Witherow* and affirmed the district court's dismissal based on insufficient service of process. *Id.*

The conclusion in *Witherow* and *Marshall*—that a plaintiff cannot serve process in federal court if process was untimely in state court for purposes of a state statute of limitations—is contrary to the plain language of § 1448, which allows for service of process in "*all* cases removed from any State court to any district court of the United

States." (Emphasis added). Moreover, it conflates service of process with the statute of limitations, which serve quite different functions: service of process provides defendants with sufficient notice "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane*, 339 U.S. at 314, while statutes of limitations "prevent[] surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared," *Gabelli v. SEC*, 133 S. Ct. 1216, 1221 (2013) (quoting *R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348–49 (1944)). There is no basis in federal law for holding that the expiration of a state statute of limitations bars a plaintiff from notifying all defendants that they are subject to suit; even if a claim has expired under a state statute of limitations, a defendant can still waive this affirmative defense. Therefore, we agree with *Witherow* and *Marshall* only to the extent they hold that removal to federal court cannot extend or revive a state statute of limitations that expired prior to removal.

IV

We now turn to Whidbee's arguments. First, Whidbee claims that he commenced his action within the time required under Washington law because he served process on Allen and Pierce County within the additional 120 days provided by § 1448. We reject this argument because, as in *Witherow* and *Marshall*, it conflates federal service of process with the state statute of limitations. Although § 1448 and Rule 4(m) allowed Whidbee to serve process on Allen and Pierce County after removal, these laws do not change the period of time for commencing an action under the state statute of limitations. Because that time for commencing the action

expired before the case was removed to federal court, the defendants were entitled to raise the state statute of limitations as an affirmative defense. Whidbee did not assert any other ground for tolling the statute of limitations to the district court, and therefore waived any such arguments.

We also reject Whidbee's argument that his service on the Pierce County Risk Management Office prior to removal should be construed as sufficient service on Pierce County under the more flexible federal service of process requirements. The sufficiency of Whidbee's pre-removal service of process is governed by Washington law, not by Rule 4 of the Federal Rules of Civil Procedure. *See Lee*, 12 F.3d at 936–37. Whidbee does not (and cannot) argue that his pre-removal service of process complied with Washington law. Accordingly, the district court properly dismissed Whidbee's claims on the ground that they were time barred before his case was removed.[4]

**AFFIRMED.**

---

[4] The district court also dismissed the action on the ground that Whidbee could not perfect service of process under 28 U.S.C. § 1448 after removal, relying on *Witherow* and *Marshall*. Although this reasoning was incorrect, we may affirm the district court on any basis supported by the record. *See Marino v. Vasquez*, 812 F.2d 499, 508 (9th Cir. 1987).