**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA HOLLOWAY, | No. 16-35884 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01787-AC |
| v. | |
| CLACKAMAS RIVER WATER; LEE E. MOORE, Jr.; DEAN MARK PHILLIPS; KATHERINE KEHOE; BARBARA KEMPER; CINDI LEWIS-WOLFRAM; MICHAEL CARDWELL; VANCE VOYLES; LARRY SOWA; KENNETH HUMBERSTON; HUGH KALANI; SPECIAL DISTRICTS ASSOCIATION OF OREGON; FRANK STRATTON; JENS JENSEN; DOUG ANDERSON; TAMSEN LEACHMAN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted June 7, 2018
Portland, Oregon

Before: GRABER and M. SMITH, Circuit Judges, and HELLERSTEIN,[**] District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Alvin K. Hellerstein, United States District Judge for

Judge.

Plaintiff-Appellant Patricia Holloway appeals the district court's denial of her motion for leave to amend the complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

1. To pursue her civil RICO claims, Holloway must allege civil RICO standing. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Because her RICO claims are based on fraud, these allegations must meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. She failed to do so. Each of her alleged injuries either does not constitute a "harm to a specific business or property interest" or lacks the requisite connection to alleged racketeering activity. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1055 (9th Cir. 2008) (quoting *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc) (per curiam)). The district court properly denied leave to amend these claims.

2. As to Holloway's First Amendment retaliation claims, most of Defendants-Appellees' alleged conduct is not actionable. Conduct occurring before October 7, 2011, is outside the statute of limitations. *See* Or. Rev. Stat. § 12.110(1); *Whidbee v. Pierce County*, 857 F.3d 1019, 1022 (9th Cir. 2017). Most of Defendants-Appellees' actions within the statute of limitations either (1) are protected under the *Noerr-Pennington* doctrine and do not fall within the narrow sham litigation

the Southern District of New York, sitting by designation.

exception, *see Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993); or (2) are not adverse actions because they did not deprive Holloway of the authority she enjoyed by virtue of her elected office, *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 545 n.4 (9th Cir. 2010).

Holloway does allege that the Clackamas River Water Board (Board) voted to exclude her permanently from executive sessions on October 13, 2011, and that the Board actually excluded her from an executive session on December 8, 2011. These allegations are adverse actions because they deprived Holloway of the "rights and prerogatives" of her elected office. *Id.* at 544. While no final action may be taken at executive sessions, the Board can deliberate on important matters and review documents at executive sessions, which can inform decision-making. Or. Rev. Stat. § 192.660(2), (6). Holloway's alleged exclusion from executive sessions deprived her of those opportunities. Further, an executive session is a type of meeting, which is "the convening of a governing body . . . for which a quorum is required in order to make a decision or to deliberate toward a decision on any matter." *Id.* § 192.610(5). An executive session must therefore be open to all members of that governing body, regardless of whether all Board members actually attend. Therefore, we reverse the district court's denial of Holloway's motion for leave to amend insofar as she sought to plead a First Amendment retaliation claim based on her exclusion from executive sessions. We affirm the

3

district court's denial of Holloway's motion for leave to amend her complaint with respect to all other First Amendment retaliation claims. On remand, this case is limited to the First Amendment retaliation claim based on Holloway's exclusion from executive sessions.

3. Reassignment is proper only in "rare and extraordinary circumstances." *Krechman v. County of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013) (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001)). There is no evidence that the district judge or the magistrate judge was unfair, *id.*, or exhibited personal bias, or that reassignment is necessary in order to maintain the appearance of justice, *see Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015). We therefore decline to reassign the case on remand.

Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, REMANDED.