NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

WARREN MITCHELL,

            Plaintiff-Appellant,

   v.

CLACKAMAS RIVER WATER;
MICHAEL CARDWELL; KENNETH
HUMBERSTON; HUGH KALANI;
BARBARA KEMPER; KATHERINE
KEHOE; CYNDI LEWIS-WOLFRAM;
LARRY SOWA; LEE E. MOORE, Sr.;
DEAN MARK PHILLIPS; SPECIAL
DISTRICTS ASSOCIATION OF
OREGON; SPECIAL DISTRICTS
ASSOCIATION INSURANCE SERVICES;
PHILLIPS LAW OFFICE,

            Defendants-Appellees.

No.   16-35999

D.C. No. 3:16-cv-00537-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted June 7, 2018
Portland, Oregon

Before: GRABER and M. SMITH, Circuit Judges, and HELLERSTEIN,[**] District

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Alvin K. Hellerstein, United States District Judge for

Judge.

Plaintiff-Appellant Warren Mitchell appeals the district court's dismissal of his amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.     Mitchell's First Amendment retaliation claim fails because he fails to identify any actionable conduct by Defendants-Appellees. Conduct occurring before March 28, 2014, is outside the statute of limitations. *See* Or. Rev. Stat. § 12.110(1); *Whidbee v. Pierce County*, 857 F.3d 1019, 1022 (9th Cir. 2017). This includes the 2011 "gag order"; because our focus is on the time of the discriminatory acts, the "continuing *impact* from past violations is not actionable." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Grimes v. City & County of San Francisco*, 951 F.2d 236, 238–39 (9th Cir. 1991)). The remaining timely conduct—Defendants-Appellees' successful petition for attorneys' fees and costs in the election contest lawsuit and Clackamas River Water's refusal to pay the supplemental judgment in the emails lawsuit—is incidental to petitioning activities and is therefore protected under the *Noerr-Pennington* doctrine. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934–35 (9th Cir. 2006). Because Mitchell fails to allege sufficiently that these actions were objectively baseless and Defendants-Appellees had an improper motive, they do not fall within the narrow sham

the Southern District of New York, sitting by designation.

2

litigation exception. *See Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993).

2.     Mitchell's intentional infliction of emotional distress (IIED) claim fails because he fails to allege that Defendants-Appellees engaged in "extreme and outrageous" conduct. *See McGanty v. Staudenraus*, 901 P.2d 841, 849–50 (Or. 1995). As with the First Amendment retaliation claim, most of the allegations fall outside the two-year statute of limitations. *Stupek v. Wyle Labs. Corp.*, 963 P.2d 678, 679 (Or. 1998). The remaining allegations concern litigation-related conduct, which does not rise to the level of outrageous conduct. *Cf. Erlandson v. Pullen*, 608 P.2d 1169, 1171–72 (Or. Ct. App. 1980).

3.     Because the district court properly dismissed Mitchell's First Amendment and IIED claims, the court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1170–71 (9th Cir. 2001). Because no claims remain, whether we should reassign this case to a different district judge is moot.

AFFIRMED.