Terry BRENNAN and Loretta Brennan  *v.*
Layne WADLOW

06-1406 270 S.W.3d 831

Supreme Court of Arkansas
Opinion delivered January 10, 2008

*James & House, P.A.*, by: *Matthew R. House*, for appellants.

*Laser Law Firm*, by: *Kevin Staten* and *Brian A. Brown*, for appellee.

J IM HANNAH, Chief Justice. Terry and Loretta Brennan appeal a decision of the Garland County Circuit Court dismissing their complaint with prejudice. They assert that the circuit court erred in finding that they failed to serve appellee Layne Wadlow in compliance with Ark. R. Civ. P. 4 when they served his father at his father's place of business. More specifically, the Brennans allege that service was effective because Layne listed the address of his father's place of business as his own address on his driver's license. Further, the Brennans allege that the circuit court erred in finding that the statute of limitations had run and dismissing the complaint with prejudice. They argue that in putting the address of his father's place of business on his driver's license, Layne made misrepresentations and committed fraud that tolled the statute of limitations; therefore, they allege that Layne was responsible for their failure to serve him at his dwelling house or usual place of abode as required by Ark. R. Civ. P. 4(d)(1). We disagree and affirm. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5).

On the evening of February 21, 2003, Layne was driving in Hot Springs when he struck pedestrian Terry Brennan. Layne provided police his driver's license, and the accident report reflects his address as that of his father Casey Wadlow's business. Layne indicated in a statement under oath that he gave police his driver's license and provided the address where he was living in Hot Springs at the time. He stated further that he did not receive mail where he lived and instead used the address of his father's business as his mailing address. He indicated that the business had no living quarters and that he had never lived there.

The complaint was filed February 6, 2006. Under Ark. Code Ann. § 16-56-105 (Repl. 2005), an action for personal injury must be brought within three years after the cause of action accrues. *See Shelter Mut. Ins. Co. v. Nash*, 357 Ark. 581, 184 S.W.3d 425 (2004). The complaint was thus timely filed. Under Ark. R. Civ. P. 4(i), the Brennans had 120 days within which to serve the summons issued on February 6, 2006. Therefore, the Brennans had until June 26, 2006 to serve the summons and complaint.

On April 25, 2006, counsel for the Brennans sent a letter to process server Tommy Wright indicating that an enclosed summons and complaint were to be served on Layne Wadlow. The letter stated, "The information contained in the police report reflects that the Defendant Layne Wadlow lived at 135 Stonewall, Hot Springs, Arkansas at the time of the accident in February 2003." Wright was further provided with Layne's birth date, Social Security number, a description of the car he was driving at the time of the accident, the license plate number, the name of the owner, and a telephone number for Layne listed on the police report. Wright served the summons and complaint on Layne's father Casey at Casey's place of business.

Casey received the summons and complaint and told Wright he would pass it on. Layne stated that he was aware that his father was served with a summons and complaint on April 28, 2006. He indicated that his father gave him a copy, and that he in turn gave the copy to his mother under the expectation that she would handle the matter. At the time of the accident, Layne was sixteen years old, driving his mother's car, and was insured under her policy. In an affidavit attached to the motion to dismiss, Layne asserted that his father was never authorized to act as his agent to receive service of process and that no person had ever been appointed as his guardian.

On June 26, 2006, 147 days after the complaint was filed, and more than three years after the accident, Layne filed a motion to dismiss under Ark. R. Civ. P. 12, asserting that service failed to meet the requirements of Ark. R. Civ. P. 4, and that the complaint had to be dismissed with prejudice because the statute of limitations on the Brennans' action had run. The Brennans could have brought a motion to extend time to serve the summons under Rule 4(i); however, that motion had to be brought within the 120 day period, and no such motion was filed. The circuit court dismissed the complaint with prejudice.

The Brennans argue on appeal that the circuit court erred in finding that service failed to comply with Rule 4. They assert that Layne, as an individual, was served at his dwelling house or usual place of abode as required by Rule 4(d)(1) because they served Layne at the address he listed as his address on his driver's license. They contend service was effective because Layne's father was served at the place that Layne represented to be his residence. They state that Layne told police at the time of his accident that his

residence was 135 Stonewall. Layne stated that he told police the address where he was living at the time.

With respect to personal service, Rule 4 states in pertinent part as follows:

> (d) Personal Service Inside the State. A copy of the summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made upon any person designated by statute to receive service or as follows:
>
> (1) Upon an individual, other than an infant by delivering a copy of the summons and complaint to him personally, or if he refuses to receive it, by offering a copy thereof to him, *or by leaving a copy thereof at his dwelling house or usual place of abode with some person residing therein who is at least 14 years of age,* or by delivering a copy thereof to an agent authorized by appointment or by law to receive service of summons.

*Id.* (emphasis added). The process server left a copy of the complaint at Layne's father's business with his father. This was not Layne's dwelling house or usual place of abode, and his father was not residing there.

Strict compliance with Rule 4 is required. In *Nucor Corp. v. Kilman,* 358 Ark. 107, 186 S.W.3d 720 (2004), this court stated as follows:

> Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Raymond v. Raymond,* 343 Ark. 480, 36 S.W.3d 733 (2001) (citing *Tucker v. Johnson,* 275 Ark. 61, 628 S.W.2d 281 (1982)). Our case law is equally well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Id.; Carruth v. Design Interiors, Inc.,* 324 Ark. 373, 921 S.W.2d 944 (1996) (citing *Wilburn v. Keenan Companies, Inc.,* 298 Ark. 461, 768 S.W.2d [531] (1989) and *Edmonson v. Farris,* 263 Ark. 505, 565 S.W.2d 617 (1978)). This court has held that the same reasoning applies to service requirements imposed by court rules. *Carruth v. Design Interiors, Inc., supra; Wilburn v. Keenan Companies, Inc., supra.* More particularly, the technical requirements of a summons set out in Ark. R. Civ. P. 4(b) must be construed strictly and compliance with those requirements must be exact. . . .

*Nucor Corp*, 358 Ark. at 119, 186 S.W.3d at 736 (quoting *Smith v. Sidney Moncrief Pontiac, Buick, GMC, Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003)). The Brennans attempted service under Rule 4(d)(1). They left a copy of the summons and complaint with Layne's father at his father's place of business; however, Rule 4(d)(1) required that the copy of the summons and complaint be left with a person who resided at Layne's dwelling house or usual place of abode. Layne's father's place of business was not Layne's dwelling house or usual place of abode, and it if were, his father did not reside there. The Brennans did not comply with Rule 4. The complaint was properly dismissed for failure to comply with Rule 4. *See* Ark. R. Civ. P. 4(I).

■ However, the Brennans also argue that even if they failed to meet the requirements of Rule 4, dismissal of their complaint with prejudice was error because Layne's fraud and misrepresentations tolled the statute of limitations. "For fraud to toll the statute of limitations it must be concealed." *Bomar v. Moser*, 369 Ark. 123, 131, 251 S.W.3d 234, 241 (2007). The Brennans offer no evidence that Layne committed fraud; thus, there could be no fraud to conceal. To prove fraud, a party must show (1) a false representation of material fact, (2) a knowledge that the representation is false or that there is insufficient evidence upon which to make the representation, (3) an intent to induce action or inaction in reliance upon the representation, (4) justifiable reliance on the representation, and (5) damage suffered as a result of the reliance. *Bullock v. Barnes*, 366 Ark. 444, 236 S.W.3d 498 (2006). In asserting that Layne committed fraud, the Brennans argue that they and their process server were entitled to rely on Layne's representations on his license that he lived at 135 Stonewall. They allege that Layne's representations on his driver's license "proximately" caused the service related problems. As support for their assertion, they cite us to two statutes on driver's licenses and argue that failure to comply with the statutes constitutes misrepresentation and fraud. Arkansas Code Annotated section 27-16-801(a)(2)(B)(i) (Supp. 2005) (Licenses generally-Validity periods Contents-Fees-Disposition of moneys) provides that "[e]ach license shall include . . . the name, residence address, date of birth, and a brief description of the licensee." Further, Ark. Code Ann. § 27-16-506 (Repl. 2004) (Notification of change of address or name) provides that a holder of a driver's license "shall" notify the Department within ten days. Nothing in these statutes provides that failure to comply constitutes fraud or misrepresentation. The

Brennans cite to no convincing authority for their position that they were defrauded by Layne when he put the address of his father's business on his license. There was no relationship existent between Layne and the Brennans at the time Layne got his license, so he could not have made a material misrepresentation to them. Even if there were such proof, there is no proof that Layne knew he was falsely representing where he lived when he listed his father's business address. Layne listed his father's business address because he received mail there. Further, there is no evidence of intent and no evidence of reliance by the Brennans to their detriment. There could not be. At the time Layne put his father's business on his driver's license, the accident had not occurred, and he did not even know the Brennans. The failure to provide convincing authority precludes review on appeal. *See Stilley v. Fort Smith Sch. Dist.*, 367 Ark. 193, 866 S.W.2d 395 (2006).[1]

The Brennans' attempt to serve Layne by serving his father at his father's place of business did not comply with Rule 4(d)(1). Under Rule 4(d)(1) they failed to serve Layne within 120 days of the date the complaint was filed and did not file a motion for an extension of time within which to serve Layne. *See* Rule 4(i). Based on the failure to serve Layne within the time allowed under Rule 4, the complaint had to be dismissed without prejudice. *Id.* However, at the time of dismissal, the statute of limitations had run. Under Ark. Code Ann. § 16-56-105, suit had to be brought within three years. Three years ran in February 2006, and the dismissal was granted August 17, 2006. There was no fraud to toll the statute of limitations. The statute of limitations had run, and the dismissal with prejudice was proper.

Affirmed.

---

[1] The Brennans also argue fraudulent concealment. Fraudulent concealment consists of some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed or perpetrated in a way that it conceals itself. *Chalmers v. Toyota Motor Sales, USA, Co.*, 326 Ark. 895, 935 S.W.2d 258 (1996). There is no evidence that Layne did anything to keep the Brennans' cause of action concealed. They simply failed to timely serve him as required under Rule 4.