**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-1644**

———————————

JACQUELINE RICE,

              Plaintiff - Appellant,

      v.

ALPHA SECURITY, INCORPORATED; BUDGET MOTELS, INCORPORATED,
d/b/a Comfort Inn Alexandria; WATERLOO HOSPITALITY,
INCORPORATED, d/b/a Comfort Inn Alexandria,

              Defendants - Appellees.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Gerald Bruce Lee, District
Judge. (1:12-cv-01025-GBL-TCB)

———————————

Argued: January 29, 2014       Decided: February 25, 2014

———————————

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

**ARGUED:** Mary Ann Kelly, LAW OFFICES OF MARY ANN KELLY, Fairfax,
Virginia, for Appellant. Douglas Conrad Meister, MEYERS, RODBELL
& ROSENBAUM, PA, Riverdale, Maryland; Stephen William Robinson,
MCGUIREWOODS, LLP, Tysons Corner, Virginia, for Appellees. **ON
BRIEF:** Dennis Chong, Michael J. Hoare, MICHAEL J. HOARE, P.C.,
Washington, D.C., for Appellant. Nicholas D. SanFilippo,
MCGUIREWOODS, LLP, Tysons Corner, Virginia, for Appellees Budget
Motels, Incorporated and Waterloo Hospitality, Incorporated.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Jacqueline Rice appeals the dismissal of her sexual harassment lawsuit against Appellees Alpha Security, Budget Motels, and Waterloo Hospitality. Rice filed this suit in Virginia state court. Under Virginia law, service of process is typically to be effected within one year of the commencement of the suit, but Rice perfected service after one year and 16 days. Appellees removed the case to federal court and thereafter moved to dismiss for insufficient service.

After first denying Appellees' motions, the district court then reversed itself and dismissed the case with prejudice, holding that service of process was fatally untimely in state court and that it could not be cured after the case's removal to federal court. On appeal, Rice contends that the court failed to consider her right under Virginia law to take a nonsuit, which would have effectively dismissed the case without prejudice and permitted her to re-file it within six months. We agree with Rice, and we vacate the judgment and remand for further proceedings.

I.

Rice's claims arose during the course of her employment as a night-shift security officer on assignment at a Comfort Inn hotel in Alexandria, Virginia. Rice alleges that throughout her employment, her manager sexually harassed her, subjecting her to

3

a hostile work environment, and that Appellees wrongfully terminated her employment after she complained about the misconduct. She filed a charge of discrimination against Appellees with the Equal Employment Opportunity Commission (EEOC) and the EEOC's subsequent investigation found reasonable cause to believe that discrimination occurred. On August 15, 2011, Rice initiated the instant lawsuit in the Circuit Court for Fairfax County, Virginia.

After filing her lawsuit, Rice did not immediately serve the complaint and summons on Appellees; in fact, she failed to do so for more than eleven months. Nearing the twelve-month mark, the court scheduled a hearing to determine whether service had been perfected. Before the hearing was held, however, Rice exercised her right to a nonsuit under Va. Code Ann. § 8.01-380. The court granted the nonsuit on August 14, 2012, one day before the twelve-month mark, thus terminating her case.

A little more than two weeks later, on August 30, 2012, Rice filed a motion asking the court to vacate its order granting the nonsuit, and the court granted her request. According to that order, the court's previous "Order of August 14, 2012, granting [Rice's] Motion for a Nonsuit, is hereby VACATED; and [Rice's] suit with all claims against all Defendants is pending in this Court." J.A. 23. Rice then immediately attempted to locate the registered agents of

4

Appellees to effect service, but she was unable to do so until the next day, August 31, 2012 – one year and 16 days after the initiation of her lawsuit.

Appellees removed the case to the Eastern District of Virginia under federal question jurisdiction, and they subsequently filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (5). The district court held two oral arguments on Appellees' motions to dismiss. Originally, the court entered a short order denying the motions, but following reargument, the court entered a memorandum and order granting the motions to dismiss with prejudice. A final judgment was entered on April 16, 2013, and Rice timely appealed.

## II.

The issues on appeal are whether Rice failed to effect timely service under Virginia law and, if so, whether she could cure the defect upon removal of the case to federal court. We review the instant dispute of law de novo, as there are no contested issues of fact. In re Beach First Nat'l Bancshares, Inc., 702 F.3d 772, 776 (4th Cir. 2012).

## A.

Under Virginia law, service of process is timely if it is effected on a defendant "within twelve months of commencement of the action," or alternatively if the court finds that "the plaintiff exercised due diligence to have timely service made on

the defendant" but did not succeed. Va. Code Ann. § 8.01-275.1. After twelve months, upon a finding that neither has occurred, the defendant may obtain a judgment against the plaintiff with prejudice. § 8.01-277(B).

On appeal, Rice has appeared to concede that she did not demonstrate due diligence in her service attempts. App. Br. 11-12. Our review of the record suggests that this is a prudent concession, as Rice did not attempt service until August 30, 2012, and did so only once. Thus, we need only consider whether Rice's service on August 31, 2012 satisfies the twelve-month requirement.

Calculation of the instant case's period for service implicates a historical procedural mechanism under Virginia law known as a "voluntary nonsuit" or "nonsuit." A nonsuit allows litigants the opportunity to end a pending litigation, effectively without prejudice to either party. Va. Code Ann. § 8.01-380; see also Alderman v. Chrysler Corp., 480 F. Supp. 600, 603 (E.D. Va. 1979) (applying Virginia law). A party may take one nonsuit as a matter of right, and additional nonsuits are possible with permission from the court. Va. Code Ann. § 8.01-380(B).

A nonsuit may be taken any time before (1) "a motion to strike the evidence has been sustained;" (2) "the jury retires from the bar;" or (3) "the action has been submitted to the

6

court for decision." § 8.01-380(A). Of particular relevance to this appeal, a plaintiff may obtain a nonsuit even if she has not perfected service or her time for perfecting service has expired, so long as a dispositive motion has not been filed. § 8.01-277(B); see also Berry v. F&S Financial Marketing, Inc., 626 S.E.2d 821, 824 (Va. 2006).

In the instant case, Rice sought, then had vacated, a nonsuit order. She now contends that because her case was nonsuited for seventeen days (that is, between the grant of the nonsuit and its subsequent vacatur), those days ought not count in the calculation of the one year period. Thus, although in an ordinary situation Rice was to have served process by August 15, she takes the position that her service on August 31 was timely because seventeen days should have been subtracted from her period for service.

We reject this argument. The effect of "vacating" an order is to "nullify or cancel; make void; invalidate." Ferguson v. Commonwealth, 658 S.E.2d 692, 695 (Va. Ct. App. 2008) (citing Black's Law Dictionary 1584 (8th ed. 2004)); see also NLRB v. Goodless Bros. Elec. Co., 285 F.3d 102, 110 (1st Cir. 2002) (defining "vacate" as "to render inoperative; deprive of validity; void; annul" and that an order to vacate "wipes the slate clean"). Once Rice successfully moved to have her nonsuit vacated, it ceased to exist, and effectively, it never did. It

7

therefore could not have any further effect on the litigation, because it is as if it never occurred. Id.

Rice has not cited to any statute or case law holding that a vacated nonsuit order can extend a litigant's period for service. She instead contends that Frey v. Jefferson Home Builders, Inc., 467 S.E.2d 788 (Va. 1996), is persuasive by analogy. In Frey, the Virginia Supreme Court found service timely when the last day of the service period fell on a legal holiday and the plaintiff completed service on the next business day. Id. at 790. But the Court relied on a provision of the Virginia Code that specifically allowed for an extension of service when the last day for service was a holiday. Here, the provision governing nonsuits is silent as to a suspension of the service deadline, and Frey is thus inapposite.

We conclude that Rice's nonsuit, and its subsequent vacatur, does not change the service of process requirement set forth under §§ 8.01-275.1 and 8.01-335. As a matter of law, the twelve-month period for service ended on August 15, 2012, but Rice did not serve process until August 31, 2012. Her service of process was therefore untimely under Virginia law.

B.

Having determined that Rice did not timely serve process in state court, we now consider whether Appellees' removal of the case to federal court provided Rice with an opportunity to cure

8

her untimely service of process. The district court held that Rice's claims do not survive removal, but we disagree.

When a case is removed to federal court, a plaintiff may be afforded additional time to complete service or to obtain issuance of new process if, prior to the case's removal, "service of process has not been perfected prior to removal," or "process served proves to be defective." 28 U.S.C. § 1448. Federal Rule of Civil Procedure 4(m) dictates that the plaintiff serve process within 120 days or be subject to a dismissal of her federal action without prejudice.

Courts have held that this additional 120-day period does not apply to cases that "would have been dismissed as time-barred had it remained in state court." Marshall v. Warwick, 155 F.3d 1027, 1033 (8th Cir. 1998); see also Wallace v. Microsoft Corp., 596 F.3d 703, 707 n.2 (10th Cir. 2010); Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160, 168 (3d Cir. 1976) (superseded by statute on unrelated grounds). These courts rely on the reasoning that state law governs the case's procedure up to its removal, and a suit that failed to satisfy state procedural obligations cannot be revived by the language of § 1448. Put another way, the removal of a case to federal court cannot "breathe jurisprudential life in federal court to a case legally dead in state court." Witherow, 530 F.2d at 168.

On the instant facts, however, it is not clear that Rice's case was in fact "legally dead" under Virginal law; indeed, the contrary is true. Our analysis on this point leads us -- once again -- to the plaintiff's right in Virginia courts to take a nonsuit.

By all accounts, a nonsuit is an expansive and powerful weapon bestowed upon the plaintiffs' bar by the Virginia General Assembly. Under this statutory right, a plaintiff may elect, for a myriad of reasons and at practically any given point in time, to terminate her case or to otherwise postpone it with minimal consequence. As the Virginia Supreme Court has observed,

> [t]he right to take a nonsuit on the eve of trial, notwithstanding a defendant's loss of time and expense incurred in preparation, and notwithstanding any disruption which may result to the court's docket, is a powerful tactical weapon in the hands of a plaintiff. The General Assembly has provided, in Code § 8.01-380, several conditions to give balance to the exercise of that right. Nonsuit remains, however, distinctly a weapon in the arsenal of a plaintiff.

Trout v. Commonwealth Transp. Comm'r, 400 S.E.2d 172, 174 (Va. 1991); see also Lawrence v. Hanson, 197 F. Supp. 2d 533, 539 (W.D. Va. 2002) (describing plaintiff's right to nonsuit as "one of [his] primary privileges under state law").

Virginia courts have indicated that the right to a nonsuit is deserving of doctrinal protection. In Collins v. Shepherd, for example, the Virginia Supreme Court invalidated a local rule that had permitted the clerk to procedurally dismiss cases which

10

had not been served within one year because the rule deprived the plaintiff of the opportunity to pursue a nonsuit. 649 S.E.2d 672, 676 (Va. 2007). The Court reasoned that "[i]n the absence of this local rule, Collins would have retained the right to take a nonsuit and refile his civil action beyond the one-year limitation period established by the local rule." Id. Because the rule "abridged [the plaintiff's] substantive right to take a nonsuit and refile his case," it was invalid. Id. at 675.

We are persuaded that we should apply Collins's teaching to the case at bar. When Rice's case was removed to federal court, Rice still had the option to seek a nonsuit, and if she had successfully done so, her case would not be subject to dismissal as time-barred. The parameters of § 8.01-380 were certainly satisfied, in that the defendants had not submitted the action to the court for decision. It is also likely that, since her first nonsuit was vacated, Rice would have been entitled to a nonsuit as a matter of right; in any event, a Virginia court may allow additional nonsuits under certain circumstances. And importantly, Rice maintained the right to take a nonsuit even though her twelve-month period for service had expired. See Berry, 626 S.E.2d at 824. Because Rice still had options left in state court to pursue her cause of action, the removal of the case to federal court should not change that outcome.

11

The district court rejected Rice's argument on the ground that she had "already exercised her right to one nonsuit" such that "dismissal here on the basis of defective service under state law does not hastily deprive Plaintiff of any rights she could have obtained in state court." J.A. 142. But, as discussed earlier, Rice's nonsuit was vacated and deprived of any validity; it was void. Just as the vacated nonsuit did not serve to suspend the service requirement, it also cannot be treated as an exhaustion of her right to take at least one nonsuit.

Finally, we reject Appellees' argument that we should affirm on the alternative ground that Rice failed to serve process within 120 days of the case's removal to federal court. The district court had originally denied Appellees' motions to dismiss, thereby authorizing Rice to proceed with her case without perfecting service. When, five months later, the court reversed course and granted Appellees' motions, Rice's timely appeal was sufficient to preserve her right to perfect service of process upon our remand.

### III.

We hold that although her original service of process was defective, Rice is entitled to the opportunity to cure the defect in federal court post-removal. Accordingly, we vacate the judgment of the district court and remand the case to the district court with instructions to allow Rice 120 days to serve

12

process in accordance with the dictates of 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m).

<u>VACATED AND REMANDED</u>

13