# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2579

_____

Mark Barner; Charlotte Barner

*Plaintiffs - Appellants*

v.

Thompson/Center Arms Company Inc., also known as Thompson/Center Arms
Company LLC; Thompson/Center Arms Company, LLC; John Does, 1-10; John
Doe Corporations, 1-10

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 16, 2015
Filed: August 4, 2015

_____

Before WOLLMAN and GRUENDER, Circuit Judges, and GRITZNER,[1] District
Judge.

_____

WOLLMAN, Circuit Judge.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the
Southern District of Iowa, sitting by designation.

Mark and Charlotte Barner appeal the district court's dismissal with prejudice of their claims against Thompson/Center Arms Co., LLC (T/C LLC) for insufficient service of process and against Thompson/Center Arms Co., Inc. (T/C Inc.) for failure to state a claim. The Barners argue that the Arkansas savings statute, Ark. Code Ann. § 16-56-126, applies to their claims against T/C LLC; that they completed timely service in federal court against T/C LLC under 28 U.S.C. § 1448; and that T/C Inc., a corporation that merged with T/C LLC prior to the Barners filing this lawsuit, is still capable of being sued under New Hampshire law. We affirm the dismissal against T/C Inc., reverse the dismissal against T/C LLC, and remand for further proceedings.

I.

On October 11, 2013, four days before the statute of limitations on their claims expired, the Barners filed a complaint in Arkansas state court against T/C Inc. and T/C LLC, seeking relief for injuries allegedly sustained on October 15, 2010. T/C Inc., a New Hampshire corporation, had merged into T/C LLC, a Delaware corporation, on April 27, 2012, before the Barners filed suit.

Under Arkansas Rule of Civil Procedure 4(i), the Barners had 120 days from the date they filed their complaint to serve T/C LLC and T/C Inc. with the complaint and summons. The Barners' attorney sent to CT Corporation, the registered agent for T/C Inc., the complaint and summons for both parties by certified mail: one addressed to T/C Inc. and one addressed to T/C LLC. CT Corporation returned two receipts to the Barners' attorney, showing that service had been completed for both T/C Inc. and T/C LLC on January 24, 2014. Unbeknownst to the Barners, however, CT Corporation was not the registered agent for T/C LLC.

On February 14, 2014, after the 120-day period for completing service under the Arkansas procedural rules had expired, T/C LLC and T/C Inc. filed a notice of removal. Once in federal court, T/C LLC and T/C Inc. moved to dismiss the Barners'

complaint, arguing that the Barners had failed to complete timely service on T/C LLC because they had not served T/C LLC's registered agent and that the Barners could not state a claim against T/C Inc. because it was no longer a legal entity capable of being sued. On April 8, 2014, the Barners served the complaint and summons for T/C LLC on its registered agent.

The district court found that the Barners' claims against T/C LLC would have been dismissed with prejudice had the case remained in state court, because the statute of limitations had run and the Arkansas savings statute did not apply. Thus, the district court held that under Marshall v. Warwick, 155 F.3d 1027 (8th Cir. 1998), the Barners could not complete service on T/C LLC post-removal under 28 U.S.C. § 1448. The district court also held that T/C Inc. was no longer a legal entity capable of being sued. Accordingly, the district court granted T/C LLC and T/C Inc.'s motion to dismiss the Barners' complaint with prejudice.

## II.

In a case that has been removed from state court, the sufficiency of service of process prior to removal is determined by state law, see Marshall, 155 F.3d at 1033, and after removal, by federal law, see Fed. R. Civ. P. 81(c)(1). We review *de novo* the district court's interpretation of state law, St. Paul Fire & Marine Ins. Co. v. Schrum, 149 F.3d 878, 880 (8th Cir. 1998), and whether service of process was sufficient, Marshall, 155 F.3d at 1030.

## A.

The Arkansas savings statute provides that "[i]f any action is commenced within the time . . . prescribed . . . and the plaintiff therein suffers a nonsuit, . . . the plaintiff may commence a new action within one (1) year after the nonsuit suffered." Ark. Code Ann. § 16-56-126. Plaintiffs can invoke the savings statute when the

statute of limitations would otherwise bar them from refiling their claims. Rettig v. Ballard, 362 S.W.3d 260, 262 (Ark. 2009). For the savings statute to apply, however, the first lawsuit must have commenced, which, under Arkansas law, occurs when the plaintiff files the complaint and completes timely service on the defendant. Forrest City Mach. Works, Inc. v. Lyons (Lyons II), 866 S.W.2d 372, 373 (Ark. 1993).

To perfect service under the Arkansas rules, "compliance must be exact" because the "service requirements are strictly construed." Rettig, 362 S.W.3d at 262. If the plaintiff fails to perfect service within 120 days of filing the complaint, the action is subject to mandatory dismissal. Lyons v. Forrest City Mach. Works, Inc. (Lyons I), 785 S.W.2d 220, 222-23 (Ark. 1990). Completing service for purposes of "commenc[ing]" the action and triggering the savings statute, however, does not require perfecting service. Compare Lyons I, 785 S.W.2d at 222-23 (holding that because the plaintiff had not perfected service within 120 days of filing the complaint, the complaint was subject to mandatory dismissal), with Lyons II, 866 S.W.2d at 374 (holding that in Lyons I, the plaintiff had completed service for purposes of the savings statute). In other words, an action can be commenced for purposes of triggering the savings statute by "defective" service, Rettig, 362 S.W.3d at 263, or "attempted service," McCoy v. Montgomery, 259 S.W.3d 430, 434-35 (Ark. 2007), both of which describe the same standard—completed service, see Clouse v. Ngau Van Tu, 274 S.W.3d 344, 347 (Ark. Ct. App. 2008). The Barners admit that they did not perfect service on T/C LLC prior to removal. They contend, however, that they completed service on T/C LLC such that the Arkansas savings statute applies, and thus that the district court should not have dismissed their claims against T/C LLC with prejudice.

In Cole v. First National Bank of Fort Smith, 800 S.W.2d 412, 413-14 (Ark. 1990), the Arkansas Supreme Court held that the plaintiff had completed service for purposes of the savings statute when it sent the complaint and summons by certified mail addressed to the defendant at his post office box, and the defendant's

stepdaughter accepted service and signed the return receipt. Although the trial court found that service had been perfected, the Arkansas Supreme Court held that the defendant's stepdaughter was not his agent and thus that service had not been perfected. Id. at 414. Nevertheless, the Arkansas Supreme Court held that the savings statute applied. Id. Somewhat similarly, in Clouse, the Arkansas Court of Appeals held that service had been completed for purposes of the savings statute when a process server served the defendant's wife and office manager at the defendant's office after she represented herself as her husband's agent, but in fact was not. 274 S.W.3d at 345-46. Here, the Barners' attorney sent the complaint and summons for T/C LLC by certified mail to the wrong registered agent, which accepted service on T/C LLC's behalf and sent a return receipt to the Barners' attorney showing that service had been completed. This case is much closer to Cole and Clouse than to cases in which the Arkansas courts have held that the savings statute did not apply. See, e.g., Posey v. St. Bernard's Healthcare, Inc., 226 S.W.3d 757, 761, 765-66 (Ark. 2006) (holding that the plaintiffs did not complete service for purposes of the savings statute when they served the defendant with a complaint signed by an unlicensed attorney, a nullity under Arkansas law, and made no attempt to serve the defendant with the amended complaint); Hicks v. Clark, 870 S.W.2d 750, 752 (Ark. 1994) (holding that the plaintiff did not complete service when she made no attempt to serve the defendant within the time required by the Arkansas procedural rules). We believe that the Arkansas Supreme Court would hold that the Barners completed service on T/C LLC and that their action had thus commenced for purposes of the Arkansas savings statute. This conclusion is bolstered by the fact that the savings statute is to be interpreted liberally, Lyons II, 866 S.W.2d at 374, and was enacted to "protect those who, although having filed an action in good faith and in a timely manner, would suffer a complete loss of relief on the merits because of a procedural defect," Rettig, 362 S.W.3d at 262 (quoting Linder ex rel. Linder v. Howard, 757 S.W.2d 549, 551 (Ark. 1988)).

T/C LLC relies on <u>Brennan v. Wadlow</u>, 270 S.W.3d 831, 835 (Ark. 2008), in which the Arkansas Supreme Court affirmed the dismissal of the plaintiff's complaint with prejudice, even though the process server had attempted service by serving the defendant's father at his father's workplace with the complaint and summons for the defendant. In <u>Brennan</u>, however, there is no mention of the savings statute. Indeed, the Arkansas Court of Appeals in <u>Clouse</u> notes that "commencement should have been found" in <u>Brennan</u>, but that the defendants in that case had waived the savings-statute argument by failing to mention it in their briefs. 274 S.W.3d at 348. Thus, <u>Brennan</u> does not resolve the issue before us. We conclude that the Barners' action had commenced for purposes of the Arkansas savings statute and that, had the action remained in state court, the Barners' claims against T/C LLC would have been dismissed without prejudice. Thus, at a minimum, the district court should have dismissed the Barners' claims against T/C LLC without prejudice, allowing them to refile their claims against T/C LLC within a year of dismissal under the savings statute.

B.

Title 28, section 1448 of the United States Code provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

The Barners argue that because they perfected service on T/C LLC within 120 days of removal in accordance with § 1448, we should remand the case to the district court to proceed with discovery.

In Marshall, we held that § 1448 could not "resurrect a removed diversity case which would have been dismissed as time-barred had it remained in state court." 155 F.3d at 1033 (internal quotation marks omitted). We relied on Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160, 168 (3d. Cir. 1976) (superseded by statute on unrelated grounds), which held that § 1448 could not "breathe jurisprudential life in federal court into a case legally dead in state court." Marshall, 155 F.3d at 1033. In both Marshall and Witherow, the time to perfect service in state court had expired prior to removal and the statute of limitations had run. Marshall, 155 F.3d at 1033; Witherow, 530 F.2d at 163. Had either case remained in state court, it would have been dismissed as time-barred. Marshall, 155 F.3d at 1033; Witherow, 530 F.2d at 163. Thus, we concluded in Marshall, as did the Third Circuit in Witherow, that the plaintiff could not perfect service under § 1448 after the case was removed to federal court. Marshall, 155 F.3d at 1033; Witherow, 530 F.2d at 169.

The Barners rely on Rice v. Alpha Security, Inc., 556 F. App'x 257 (4th Cir. 2014) (per curiam), in which the Fourth Circuit distinguished Marshall and Witherow. In Rice, the defendants removed the case to federal court after it was too late to perfect service under state law, which subjected the case to dismissal with prejudice in state court. Id. at 258-59. A dismissal with prejudice in state court could have been avoided, however, had the plaintiff exercised her right to take a nonsuit, in which case the complaint would have been dismissed without prejudice and the plaintiff would have been allowed to refile the complaint within six months of the dismissal. Id. at 258, 261. Because of the plaintiff's right to take a nonsuit in state court, the Fourth Circuit concluded, the case was not "legally dead" in state court prior to removal and the plaintiff could complete service in federal court after removal under § 1448. Id. at 260-61.

Here, had the Barners' case remained in state court, it would have been dismissed for insufficient service. As discussed above, however, the dismissal would have been without prejudice and the Barners would have had a year from dismissal

to refile their claims under the savings statute. Thus, <u>Marshall</u> and <u>Witherow</u> are distinguishable, because in those cases the plaintiff's claims were forever time-barred and could not be refiled after dismissal. Indeed, in <u>Witherow</u>, the Third Circuit reasoned that "federal courts [should] not entertain, on removal, actions which the state courts could not entertain in the first instance." 530 F.2d at 168. Here, because of the savings statute, the state court could entertain the Barners' claims, albeit in a new action. We agree with the Fourth Circuit's reasoning that because the Barners "still had options left in state court to pursue [their] cause of action," the case was not legally dead. <u>Rice</u>, 556 F. App'x at 261. Thus, the Barners completed service on T/C LLC under § 1448 after removal.

## III.

The Barners argue that the district court should not have dismissed their claims against T/C Inc. for failure to state a claim because T/C Inc. is still capable of being sued, despite the fact that it merged with T/C LLC on April 27, 2012. We review *de novo* the district court's dismissal of the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). <u>Plymouth Cnty., Iowa v. Merscorp, Inc</u>., 774 F.3d 1155, 1158 (8th Cir. 2014).

Under Federal Rule of Civil Procedure 17(b)(2), a corporation's capacity to be sued is determined "by the law under which it was organized." Thus, since T/C Inc. was a New Hampshire corporation, we will apply New Hampshire law to determine whether T/C Inc. can be sued. Under New Hampshire law, once a merger becomes effective, "the separate existence of every corporation . . . that is merged into the survivor ceases" and "all liabilities of each corporation . . . that is merged into the survivor are vested in the survivor." N.H. Rev. Stat. Ann. § 293-A:11.07(a). The Barners argue that even though T/C Inc. was no longer a legal entity after merger, it should still be subject to suit because dissolved corporations can still be sued under New Hampshire law. <u>See</u> <u>id.</u> § 293-A:14.05(c)(5) ("Dissolution of a corporation does

-8-

not . . . [p]revent commencement of a proceeding by or against the corporation in its corporate name . . . ."). We are not persuaded that the capacity of a dissolved corporation to be sued equates that of a merged corporation. One critical difference is that a dissolved corporation "continues its corporate existence" under New Hampshire law, id. § 293-A:14.05(a), while a corporation that merges into another ceases to exist, id. § 293-A:11.07(a)(2). Furthermore, if a dissolved corporation could not be sued, a potential claimant would be deprived of relief. By contrast, when one corporation merges into another, a potential claimant of the merged corporation may seek relief from the survivor corporation. Id. § 293-A:11.07(4). Because T/C Inc. had merged into T/C LLC, it lacked the legal capacity to be sued at the time the Barners initiated this lawsuit, and thus the district court properly dismissed with prejudice the Barners' claims against it.

## IV. Conclusion

The district court's judgment with respect to the claims against T/C Inc. is affirmed. The judgment with respect to the claims against T/C LLC is reversed, and the case is remanded for further proceedings.

———————————————