**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1981
_____

CURTIS CLAY PHILLIPS, JR.,
                                        Appellant

v.

SUPERINTENDENT CHESTER SCI;  MICHAEL CRISEITELLO,
LIEUTENANT; SAMUEL ALLEN, LIEUTENANT; MAJOR, "APONTE";
CAPTAIN, "MORRIS"; CORRECTIONS OFFICER "COONS';
LIEUTENANT "B. ADAMS"; LIEUTENANT "THOMPSON";
CORRECTIONS OFFICER "COLON"; KITCHEN SUPERVISOR "MS. WILLIAMS";
DOCTOR "HAREWOMB"; MAILROOM SUPERVISOR "MS. MORALES";
SIX JOHN DOE CERT TEAM MEMBERS; ONE JOHN DOE LIEUTENANT;
CORRECTIONS OFFICER "MCCLAIN"; SERGEANT "SPELLS";
HEAD KITCHEN SUPERVISOR JOHN DOE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-05086)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2017

Before:    GREENAWAY, JR., VANASKIE and ROTH, Circuit Judges

(Opinion filed: June 19, 2018)

_____

OPINION*
_____

PER CURIAM

Appellant Curtis Clay Phillips, Jr., appeals pro se from the District Court's order dismissing his second amended complaint. For the reasons that follow, we will affirm that decision in part, vacate it in part, and remand for further proceedings.

I.

Phillips is a Pennsylvania state prisoner who, at all relevant times, has been incarcerated at the State Correctional Institution at Chester ("SCI-Chester"). In 2014, he filed a pro se civil rights action in the District Court. He later filed two amended complaints. His second amended complaint was brought against 13 named SCI-Chester employees ("the Commonwealth Defendants"), eight John Doe SCI-Chester employees ("the Doe Defendants"), and a Dr. Harewomb (who apparently is not a Commonwealth employee but allegedly provided medical services at SCI-Chester). Phillips raised claims concerning (1) the food that he received, (2) his access to medical care, (3) the alleged tampering/opening of his legal mail, and (4) an alleged beating he suffered at the hands of some of the Doe Defendants.[1]

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Although Phillips's second amended complaint technically listed five claims, the fifth claim merely "provide[d] additional allegations in support of his four other claims." (Dist. Ct. Mem. entered Mar. 4, 2016, at 2 [hereinafter Dist. Ct. Mem.].)

2

The Commonwealth Defendants moved to dismiss the second amended complaint and, in the alternative, sought summary judgment. They argued that (a) Phillips's pleading was barred by the Eleventh Amendment to the extent that it was brought against them in their official capacities, (b) Phillips had failed to exhaust his administrative remedies, and (c) Claims 1 through 3 failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Phillips opposed the motion.

The District Court treated the motion as a request for dismissal, not summary judgment. In its opinion, the District Court began by determining that Phillips's claims were barred by the Eleventh Amendment to the extent that he sought damages against the Commonwealth Defendants in their official capacities. The District Court then examined Phillips's claims to the extent that they sought (a) prospective injunctive or declaratory relief, and/or (b) damages against the Commonwealth Defendants in their individual capacities. The District Court determined that dismissal of these claims for lack of exhaustion was not appropriate (because the exhaustion issue was not clear from the face of Phillips's second amended complaint), and it turned to the claims' merits. The District Court agreed with the Commonwealth Defendants that Claims 1 through 3 failed to state a viable claim against them. Although the Commonwealth Defendants' motion did not address the merits of Claim 4, the District Court screened that claim pursuant to 28 U.S.C. § 1915(e)(2) and held that this claim also failed to state a viable claim against them. Finally, the District Court concluded that Dr. Harewomb should be dismissed from the case without prejudice because he had not been served.

3

In light of the above, the District Court entered an order on March 4, 2016. That order (a) granted the Commonwealth Defendants' motion to dismiss Claims 1 through 3, (b) dismissed the lone claim against Dr. Harewomb (Claim 2), (c) dismissed Claim 4 pursuant to § 1915(e)(2), and (d) gave Phillips until April 4, 2016, to file a third amended complaint. Although Phillips moved the District Court to extend the time to file that new pleading, he subsequently filed this appeal, challenging the March 4 order and indicating his intent to stand on his second amended complaint.

## II.

We have jurisdiction under 28 U.S.C. § 1291 to review "final" decisions of the district courts. "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, "if the plaintiff cannot amend or declares his intention to stand on his complaint . . . the order become[s] final and appealable." Id. at 951-52. Because Phillips has declared his intention to stand on his second amended complaint, the District Court's March 4, 2016 order is final and appealable,[2] and is properly before us.[3]

---

[2] Although the March 4 order did not specifically address the claims against the Doe Defendants, that order is nevertheless final and appealable because those defendants were never served. See Lacey v. Cessna Aircraft Co., 862 F.2d 38, 39 n.1 (3d Cir. 1988).

[3] In a civil action in which the United States is not a party, an appellant generally must file his notice of appeal within 30 days of the entry of the order in question. See Fed. R. App. P. 4(a)(1)(A). This requirement is "mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982) (per curiam)). Here, the 30-day period ended on Monday, April 4, 2016. Although Phillips's notice of appeal was not docketed until April 18, 2016, this appeal is timely because he has submitted a 28 U.S.C. § 1746 declaration stating that he

4

We review that order under a plenary standard, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we may affirm aspects of it on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

For substantially the reasons provided by the District Court, we agree with its conclusion (1) that the Eleventh Amendment bars Phillips's claims to the extent that they seek relief against the Commonwealth Defendants in their official capacities, and (2) that it was not appropriate to dismiss his individual-capacity claims for lack of exhaustion. We focus our discussion instead on the District Court's determination that the individual-capacity claims failed to state a claim under Rule 12(b)(6) and § 1915(e)(2)(B)(ii). In reviewing that determination, we analyze these claims under the standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009).[4] Under that standard, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require that the pleading show "more than a sheer possibility that a defendant has acted unlawfully." Id. In other words, the pleading must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] [of

_____

gave his notice of appeal to prison authorities for forwarding to the District Court before the 30-day deadline expired. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).

[4] To the extent that Phillips asserts that Iqbal does not apply to pro se pleadings, he is mistaken. See Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015).

5

the claims]." Connelly v. Lane Constr. Corp., 809 F.3d 780, 789 (3d Cir. 2016) (first

alteration in original) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d

Cir. 2008)).

Claim 1 in Phillips's second amended complaint concerns the food that he

received at SCI-Chester and alleges as follows. Phillips is allergic to onions, peppers,

and soy-based products. Prior to his transfer to SCI-Chester, he was on a medically

prescribed meal regimen that excluded those items. It appears that SCI-Chester approved

this meal regimen shortly after his arrival.[5] Nevertheless, he received meals that

contained those items on a daily basis. Although he complained to numerous prison

officers/employees, including 11 of the Commonwealth Defendants,[6] he continued to

receive the wrong meals. Phillips was ultimately left with an unenviable choice: avoid

the offending foods (which left him with an insufficient amount of food) or eat them and

suffer allergic reactions. As a result of his situation, he lost approximately 50 pounds in

---

[5] This statement finds support in Exhibit 2 to Phillips's original complaint. (See Dist. Ct. docket # 1, at 16.) His second amended complaint appears to rely on this exhibit, and he claims that he did not resubmit it (or other exhibits from his original complaint) because he had been "denied a copying service." (See Dist. Ct. docket # 12, at 5.) Under these circumstances, Exhibit 2 may be considered in evaluating the Commonwealth Defendants' motion to dismiss. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment") (alteration in original) (emphasis and internal quotation marks omitted).

[6] Those 11 Commonwealth Defendants are Superintendent Thomas, Major Aponte, Captain Morris, Lieutenants Adams, Allen, Criseitello, and Thompson, Sergeant Spells, Corrections Officers Colon and McClain, and Kitchen Supervisor Williams.

six months and experienced allergic reactions in the form of large, painful sores on his face and other parts of his body.

The District Court properly treated Claim 1 as an Eighth Amendment claim. The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state a viable Eighth Amendment claim, an inmate must allege facts demonstrating that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) the acts or omission of the prison official(s) reflected deliberate indifference to his health or safety. Id. at 834. Deliberate indifference is shown when the prison official(s) knew of and disregarded an excessive risk to the inmate's health or safety. See id. at 837.

The District Court assumed for the sake of argument that Phillips had alleged facts satisfying the "substantial risk of serious harm" prong of the Eighth Amendment test, but it concluded that his claim failed on the "deliberate indifference" prong because he had not "allege[d] any facts giving rise to an inference that any of the defendants participated in or in any way acquiesced in the provision of non-compliant foods to [him]." (Dist. Ct. Mem. 17.) We disagree with this conclusion. Phillips's allegations indicate that (1) 11 Commonwealth Defendants (and, it seems, the John Doe "Head Kitchen Supervisor" in this case) were aware of the problems with his meal plan, (2) the meal plan caused him to suffer negative health effects that were significant and would be obvious to even the

7

casual observer,[7] and (3) nothing was done by these defendants to remedy the problems with his meal plan. Contrary to the District Court's conclusion, we conclude that these allegations, taken together, allow one to infer that these defendants "acquiesced in the provision of non-compliant foods" to Phillips.

To be sure, it is unclear from Phillips's pleading exactly when he told each of these defendants about his meal problems, how many times they each were told, what exactly they were told, and how he looked when he told them (i.e., was he suffering from the extreme weight loss and large sores on his face at the time). But we believe that these issues are best addressed at the summary judgment stage. See Connelly, 809 F.3d at 789 (explaining that, to survive dismissal under Rule 12(b)(6), a pleading need only allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the [claim's] necessary element[s]") (second alteration in original) (quoting Phillips, 515 F.3d at 234). Because we are satisfied that Claim 1 alleges sufficient facts to meet both prongs of the Eighth Amendment test,[8] we will vacate the District Court's dismissal of

---

[7] As the Supreme Court explained in Farmer, "a factfinder may conclude that a prison official knew of a substantial risk [of serious harm] from the very fact that the risk was obvious." 511 U.S. at 842.

[8] As noted above, the District Court merely assumed that Phillips had alleged facts satisfying the first prong of the Eighth Amendment test. However, we conclude that he indeed alleged facts that would meet that prong. His continued receipt of food to which he was allergic, which allegedly caused him to lose 50 pounds and develop large, painful sores, seemingly posed a substantial risk of serious harm. Cf. Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) (holding that prisoner's allegation that he received a "nutritionally deficient" diet was sufficient to state an Eighth Amendment claim).

8

Claim 1 to the extent that it was brought against the John Doe Head Kitchen Supervisor and the 11 Commonwealth Defendants identified in Footnote 6 of this opinion.[9]

In Claim 2, Phillips alleges that, on at least three occasions, Dr. Harewomb refused his (Phillips's) requests for medical care for the large, painful sores that developed on his body. Claim 2 also appears to allege that Superintendent Thomas was liable because he was (or at least may have been) aware of unspecified "deficiencies" in the prison's medical department (including those caused by Dr. Harewomb). The District Court, acting sua sponte, dismissed the part of Claim 2 against Dr. Harewomb because he had not been served. The District Court then granted the Commonwealth Defendants' motion to dismiss the remainder of Claim 2, concluding that Phillips had not made out a viable claim against Superintendent Thomas or any of the other Commonwealth Defendants.

We find no error in the District Court's dismissal of Claim 2 against the Commonwealth Defendants. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity."). However, we will vacate its dismissal of Claim 2 against Dr. Harewomb. Federal Rule of Civil Procedure 4(m) provides that, if a

---

[9] We do not disturb the District Court's dismissal of Claim 1 as to the other defendants. Claim 1 does not allege any facts implicating the other John Doe defendants or Mailroom Supervisor Morales. As for Corrections Officer Coons, Phillips appears to allege only that, upon his arrival at SCI-Chester, Coons took his old "diet card" and told him that he would be receiving a new one. These alleged facts fail to demonstrate deliberate indifference and thus are insufficient to state a viable Eighth Amendment claim.

defendant is not served with a pleading within 90 days after it is filed,[10] "the court—on motion or on its own *after notice to the plaintiff*—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Here, the District Court, acting sua sponte, dismissed Claim 2 against Dr. Harewomb for lack of service, but it did not notify Phillips before doing so. Accordingly, we will remand this portion of Claim 2 so that Phillips has an opportunity to demonstrate good cause for his failure to timely serve Dr. Harewomb. See id. (providing that the district court must extend the time for service if the plaintiff makes that good cause showing). Even if Phillips is unable to demonstrate good cause, the District Court has the discretion to extend the time for service. See id.; McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). If the District Court ultimately exercises that discretion here, it may wish to direct the Commonwealth Defendants to provide the last known address that SCI-Chester has on file for Dr. Harewomb.

In Claim 3, Phillips alleges that several pieces of his legal mail were tampered with and/or opened outside of his presence. The District Court treated this claim as alleging retaliation in violation of the First Amendment,[11] and concluded that it failed under Rule 12(b)(6) because Phillips "does not specifically name any defendants in

---

[10] When Phillips filed his second amended complaint, Rule 4(m) provided for a service period of 120 days, not 90 days. See, e.g., Whidbee v. Pierce County, 857 F.3d 1019, 1023 n.3 (9th Cir. 2017) (noting that Rule 4(m) was amended effective December 1, 2015). The length of the service period does not affect the outcome here.

[11] We find no error in the District Court's decision to forgo treating Claim 3 as a First Amendment access-to-courts claim, for Phillips himself made clear that he was not pursuing that legal theory.

10

conjunction with [t]his claim." (Dist. Ct. Mem. 20.) Although the alleged facts in support of Claim 3 are indeed sparse, they do specifically implicate one of the Commonwealth Defendants: Mailroom Supervisor Morales.[12] Construing Phillips's pleading liberally, he appears to allege that Morales tampered with and/or opened his legal mail outside of his presence on multiple occasions. (See Dist. Ct. docket # 12, at 13-14, 18.) While those allegations do not sufficiently set forth a retaliation claim,[13] they do make out a viable First Amendment freedom of speech claim. See Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006) ("A state pattern and practice . . . of opening legal mail outside the presence of the addressee inmate interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech."); see also id. (explaining that, when an inmate alleges that prison officials opened his legal mail outside of his presence, he need not allege "any consequential injury stemming from that violation, aside from the violation itself"). Accordingly, we will vacate the District Court's dismissal of Claim 3 to the extent that it alleges a First Amendment freedom of speech claim against Morales. We do not disturb the District Court's dismissal of the balance of Claim 3.

---

[12] To the extent that Claim 3 also attempts to assert a cause of action against Superintendent Thomas, we conclude that Phillips has not alleged sufficient facts to make out a viable claim. See Rode, 845 F.2d at 1207.

[13] At the very least, Phillips has not alleged facts indicating a causal link between his engaging in a constitutionally protected activity and the alleged tampering/opening of his legal mail. Indeed, to the extent that he contends that his mail problems amounted to retaliation for his filing this lawsuit, he has not alleged facts indicating that there was (1) "an unusually suggestive temporal proximity" between his filing this lawsuit and the alleged mail problems, or (2) "a pattern of antagonism coupled with timing that suggests a causal link." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016).

11

Lastly, we consider Claim 4, which the District Court dismissed pursuant to § 1915(e)(2).[14] In this claim, Phillips alleges that, while housed in SCI-Chester's restricted housing unit, he was attacked and beaten by six "John Doe CERT Team Members" despite his complying with orders to turn around and place his hands behind his back so that he could be handcuffed (he also alleged that a "John Doe Lieutenant" oversaw this attack).[15] Once the District Court dismissed all of the claims against the named defendants, this claim against the Doe Defendants could not proceed. See Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998) (explaining that "an action cannot be maintained solely against Doe defendants"). However, given that (a) we will be vacating the dismissal of Claims 1 through 3 as to certain named defendants, and (b) Claim 4 alleges sufficient facts to support an excessive force claim against these seven John Doe defendants, see Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002) (articulating standard for Eighth Amendment excessive force claim); see also Alston v. Parker, 363

---

[14] Phillips argues that the District Court should not have screened Claim 4 under § 1915(e)(2) because the Commonwealth Defendants had already been served. This argument is meritless. See 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that a district court "shall" dismiss a cause of action pursuant to this section "at any time" if it fails to state a claim upon which relief may be granted).

[15] To the extent that Claim 4 also intended to raise allegations against Superintendent Thomas, those allegations are insufficient to survive dismissal under § 1915(e)(2)(B)(ii). See Rode, 845 F.2d at 1207. To the extent that Claim 4 intended to raise allegations against any of the other named defendants, those subclaims have been waived on appeal. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [his] opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal quotation marks omitted); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se appeal). Accordingly, we do not disturb the District Court's dismissal of Claim 4 to the extent that it was brought against the named defendants.

12

F.3d 229, 233 n.6 (3d Cir. 2004) (noting that our cases "permit the naming of fictitious defendants as stand-ins until the identities can be learned through discovery"), we will vacate the dismissal of Claim 4, too.

IV.

In sum, we will vacate the District Court's dismissal of Claim 1 (to the extent that it was brought against the John Doe Head Kitchen Supervisor and the 11 Commonwealth Defendants identified in Footnote 6 of this opinion), Claim 2 (to the extent that it was brought against Dr. Harewomb), Claim 3 (to the extent that it alleges a First Amendment free speech claim against Mailroom Supervisor Morales), and Claim 4 (to the extent that it was brought against the six John Doe CERT Team Members and the John Doe Lieutenant), and we will remand those claims for further proceedings. We will affirm the District Court's dismissal of the remainder of Phillips's second amended complaint.